[No. 4204. Decided August 8, 1902.]

L. J. DAVIS, *Respondent,* v. W. J. FOSTER, *Receiver, Appellant.*

INSOLVENT CORPORATIONS — RECEIVERS — PREFERRED CLAIMS.

Where a receiver of an insolvent lumber manufacturing corporation was appointed, with directions to continue the business, and it was made a condition of his appointment that all claims for labor incurred by the corporation within ten months prior to the beginning of the suit in which the receiver was appointed should be paid in full out of the assets and earnings of the plant, one who was engaged, prior to such appointment, in getting out logs for the corporation, and who, after such appointment, paid off his labor claims on the advice of the court that they were preferred claims and came within the terms of the order directing the receiver to pay such in full and that it would be unnecessary for him to file lien claims against the logs, is entitled to have the amount paid by him in satisfaction of the labor claims of his employees allowed as a preferred claim against the receiver.

Appeal from Superior Court, Thurston County.—Hon. MASON IRWIN, Judge. Affirmed.

*Hudson & Holt,* for appellant.

*J. W. Robinson* and *Phil Skillman,* for respondent.

PER CURIAM.—The respondent in March, 1896, entered into a contract with the Seatco Manufacturing Company, a corporation engaged in the sawmill business, by the terms of which he undertook to cut into sawlogs and put into the Skookumchuck river certain saw timber owned by the corporation, then standing upon lands owned by one Adolph Troller, at prices named in the contract, based upon the length of the logs. He immediately entered upon the prosecution of the work, employing a number of men as helpers, and by the 31st of August, 1896, had cut and put into the stream some 1,400,000 feet of logs. The corporation had in the meantime become insolvent, and at the date last named a suit was instituted by some of its creditors to have it adjudged insolvent, and a receiver appointed to take charge of its business and property. At the institution of the suit, a temporary receiver was appointed, which appointment was made permanent on the 15th of September following, after due notice given and a hearing had thereon. In the order appointing the permanent receiver, the court directed the receiver to continue the business of the corporation; further ordering "as a condition of the appointment of a receiver," that all claims for labor incurred by the corporation within ten months prior to the beginning of the suit in which the receiver was appointed be paid in full, as soon as practicable, out of the receipts from the assets and earnings of the plant of the corporation. The receiver, immediately upon his appointment, took possession of the logs cut by the respondent, and in due time manufactured the same into lumber, which was afterwards disposed of as property in the receiver's hands belonging to the insolvent estate. At

the time of the appointment of the receiver, the respondent had earned under the contract some $2,724.61, over and above the amounts that had been advanced to him from time to time by the corporation during the progress of the work. He owed at that time $1,100 to his employees, which amount he paid shortly after the appointment of the receiver. Prior to making this payment, he sought the advice of the then judge of the superior court as to his rights in the premises, inquiring whether or not it was necessary for him to file a lien upon the logs, in order to make his claim a preferred claim, or whether his claim became such by virtue of the order made by the court in the appointment of the permanent receiver. The court advised him that his claim came within the terms of the order, and was a preferred claim, which would be paid by the receiver as such, and that it was his duty to pay his employees the several sums due them, as a prerequisite to his right to claim the amounts so due them from the receiver. Acting thereon, the respondent paid the employees, as above stated, and suffered the time to elapse within which a logger's lien was required to be filed for record under the then existing statutes. In this proceeding the respondent sought to have his entire claim allowed as a preferred claim against the funds in the hands of the receiver. His application was resisted by certain of the general creditors, and, after a hearing, the court allowed the claim as a preferred claim for the amount paid the employees only,—$1,100. The receiver appeals.

We think the claim was correctly allowed as a preferred claim. It is elementary that the rights of a receiver in the property of an insolvent corporation as to third parties are not in any respect superior to those of the corporation itself, and that he takes its property subject to all ex-

isting equities. The respondent had a right of lien which he could have perfected, and thus made his claim a preferred claim. It was within the power of the court to recognize these rights at any stage of the proceedings, and to make such orders as would tend to lessen the costs of administering upon the property, and to best preserve the estate. While the court's action with regard to this claim may have been informal, it was not prejudicial to the estate, and the injustice of now disallowing it is so great that mere informalities cannot be allowed to defeat it. The order will stand affirmed.